22845

Martha G. BRYANT, James Island Public Service District, St. Andrews Public Service District, Frank Richardson, Jr., and Jimmy Lee Green, Respondents v. The CITY OF CHARLESTON, Joseph P. Riley, Jr., Mayor of the City of Charleston, Mary R. Wrixon, Clerk of the City Council of the City of Charleston, and W. Foster Gaillard, Jerome Kinloch, Daniel L. Richardson, Hilda Hutchinson Jefferson, Arthur W. Christopher, Brenda C. Scott, Robert Ford, Esther H. Tecklenburg, Mary R. Ader, Steven L. Baker, W. L. Stephens, Jr., Edward H. Cochran, constituting the members of the City Council of the City of Charleston, Appellants.

and

Irene C. BRUNSON, B.A. Foreman, James Island Public Service District, Frank Richardson, Jr., and Jimmy Lee Green, Respondents v. The CITY OF CHARLESTON, Joseph P. Riley, Jr., Mayor of the City of Charleston, Mary R. Wrixon, Clerk of the City Council of the City of Charleston, and W. Foster Gaillard, Jerome Kinloch, Daniel L. Richardson, Hilda Hutchinson Jefferson, Arthur W. Christopher, Brenda C. Scott, Robert Ford, Esther H. Tecklenburg, Mary R. Ader, Steven L. Baker,

W. L. Stephens, Jr., Edward H. Cochran, constituting the members of the City Council of the City of Charleston, Appellants.

and

JAMES ISLAND PUBLIC SERVICE DISTRICT, Frank Richardson, Jr., James Island Yacht Club and Jimmy Lee Green, Respondents v. The CITY OF CHARLESTON, Joseph P. Riley, Jr., Mayor of the City of Charleston, Mary R. Wrixon, Clerk of the City Council of the City of Charleston, and W. Foster Gaillard, Jerome Kinloch, Daniel L. Richardson, Hilda Hutchinson Jefferson, Arthur W. Christopher, Brenda C. Scott, Robert Ford, Esther H. Tecklenburg, Mary R. Ader, Steven L. Baker, W. L. Stephens, Jr., Edward H. Cochran, constituting the members of the City Council of the City of Charleston, Appellants.

and

Jimmy Lee GREEN, James Island Public Service District and Frank Richardson, Jr., Plaintiffs, of whom Frank Richardson, Jr., is Respondent v. The CITY OF CHARLESTON, Joseph P. Riley, Jr., Mayor of the City of Charleston, Mary R. Wrixon, Clerk of the City Council of the City of Charleston, and W. Foster Gaillard, Jerome Kinloch, Daniel L. Richardson, Arthur W. Christopher, Brenda C. Scott, Robert Ford, Esther H. Tecklenburg, Mary R. Ader, Steven L. Baker, W. L. Stephens, Jr., Edward H. Cochran, constituting the membership of the City Council of the City of Charleston, and Eugene C. Santos and Yvonne K. Santos, Appellants.

and

John DOOSE, Gladys Garvin, Frank Richardson, Jr., and St. Andrews Public Service District, Plaintiffs, of whom Frank Richardson, Jr., is Respondent v. The CITY OF CHARLESTON, Joseph P. Riley, Jr., Mayor of the City of Charleston, Mary R. Wrixon, Clerk of the City Council of the City of Charleston, and W. Foster Gaillard, Jerome Kinloch, Daniel L. Richardson, Arthur W. Christopher, Brenda C. Scott, Robert Ford, Esther H. Tecklenburg, Mary R. Ader, Steven L. Baker, W. L. Stephens, Jr., Edward H. Cochran, constituting the membership of the City Council of the City of Charleston, and Chavis Realty and Construction Company, Inc., Appellants.

(368 S. E. (2d) 899)

Supreme Court

*Corp. Counsel William B. Regan,* and *Asst. Corp. Counsel Frances I. Cantwell,* Charleston, *for appellants.*

*David G. Jennings,* Charleston, *for respondents.*

Argued Jan. 7, 1987.

Decided March 14, 1988.

GREGORY, Justice:

This appeal consolidates for review five actions challenging the validity of various annexations to the City of Charleston. In each case the Circuit Court found the ordinance ratifying annexation invalid. We reverse.

Each annexation was achieved pursuant to S. C. Code Ann. § 5-3-150 (1976) which provides for annexation of an area "contiguous" to a city by petition of its freeholders.[1] Each area annexed shares some common boundary with the City of Charleston. The Circuit Court, however, found the properties did not qualify as "contiguous" because they did not have all the qualifications of unity, a substantial physical touching, a common boundary,

---

[1] Section 5-3-150(1) allows annexation by petition of 75% of the freeholders owning at least 75% of the assessed value of the property to be annexed.

ready access, and contribution to the homogeneity, unity, and compactness of the city. The Circuit Court refused to allow that marshland or water could supply contiguity between the parcels of highland in the annexed areas and the city.

Appellants contend the Circuit Court erred by imposing additional qualifications for annexation beyond the statutory requirement of mere contiguity specified in § 5-3-150. We agree.

Annexation of land to a municipal corporation is a legislative function with which the courts rarely interfere. *Hollingsworth v. City of Greenville*, 241 S. C. 378, 128 S. E. (2d) 704 (1962); *see also Elmwood Construction Co. v. Richards*, 265 S. C. 228, 217 S. E. (2d) 769 (1975) (proceedings resulting in annexation are presumptively valid). Moreover, in construing a statute its words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation. *Walton v. Walton*, 282 S. C. 165, 318 S. E. (2d) 14 (1984). The statutory word "contiguous" must be afforded its ordinary meaning of "touching." Because annexation pursuant to § 5-3-150 requires only that the annexed area be contiguous, the fact that it shares a common boundary with the annexing municipality is sufficient. The Circuit Court erred in invalidating these annexations on the basis of additional requirements.

We further hold that contiguity is not destroyed by water or marshland within either the annexing municipality's existing boundaries or those of the property to be annexed merely because it separates the parcels of highland involved. *See Tovey v. City of Charleston*, 237 S. C. 475, 117 S. E. (2d) 872 (1961). We therefore find the annexations valid based on the qualification of these properties as contiguous to the City of Charleston.

We need not address appellants' remaining exceptions in view of this disposition. Accordingly, the orders of the Circuit Court are

Reversed.

NESS, C. J., CHANDLER and FINNEY, JJ., and LAWRENCE E. RICHTER, Jr., Acting Associate Justice, concur.