23338

CITY OF SPARTANBURG, Appellant v. The COUNTY OF SPARTAN-BURG, Lachlan L. Hyatt, David G. Dennis, Sallie S. Peake, Wade A. Corn, Jr., and Danny E. Allen, Council Members of the Spartanburg County Council; Kenneth L. Westmoreland, Administrator; and Draper Corporation, Respondents.

(401 S.E. (2d) 158)

Supreme Court

---

H. *Spencer King,* of *King and Hray,* of Spartanburg, *for appellant.*

*Edwin C. Haskell, III,* of *Smith and Haskell,* Spartanburg, *for respondents County, Council Members and Adm'r.*

*T. Sam Means, Jr.,* of *Butler, Means, Evins and Browne,* Spartanburg, *for respondent Draper Corp.*

Heard Dec. 14, 1990.

Decided Feb. 4, 1991.

GREGORY, Chief Justice:

This appeal is from an order granting respondents (County) summary judgment on the ground appellant (City) has no standing to maintain this suit. We affirm.

Draper Corporation is a large industrial plant located on twenty-nine acres bounded on all sides by property within City's limits. Draper itself is not within the city limits but remains as unincorporated area of County.

For some years until 1987, Draper contracted with City for fire protection. In 1987, City enacted a new ordinance whereby City would provide fire services to contiguous areas only by annexation to City. The contract between Draper and City lapsed in January 1988 and Draper declined annexation.

In October 1988, Glendale Area Fire District (Glendale), a special purpose district in County, requested that County allow it to provide fire protection services to Draper. To accomplish this result, County adopted a resolution in December 1988 pursuant to S.C. Code Ann. § 4-19-10 (1986) creating Draper Corporation Fire Service Area as a special taxing district encompassing only the Draper plant. County then contracted with Glendale for Glendale to provide fire services to Draper. After this arrangement was in effect, City commenced this action challenging the validity of the Draper Corporation Fire Service Area and seeking an injunction against its continued existence.

In *City of Myrtle Beach v. Richardson*, 280 S.C. 167, 311 S.E. (2d) 922 (1984), this Court held a municipality has no standing to challenge the creation of a special taxing district that is not within the city limits. This ruling is consistent with the general requirement that a governmental entity must allege an infringement of its own proprietary interests or statutory rights to establish standing. *Richland County Recreation District v. City of Columbia*, 290 S.C. 93, 348 S.E. (2d) 363 (1986). City has alleged no such infringement. There is no existing agreement between City and Draper and this case is clearly distinguishable from our recent decision in *City of Darlington v. Kilgo*, ___ S.C. ___, 393 S.E. (2d) 376 (1990). The judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.