23702

COBURG, INC., Respondent v. Melvin J. LESSER, Appellant.

(422 S.E. (2d) 96)

Supreme Court

*Newman Jackson Smith,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for appellant.*

*Thomas S. Tisdale, Jr.,* and *Stephen P. Groves,* both of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondent.*

*Atty. Gen. T. Travis Medlock* and *Sr. Asst. Atty. Gen. Kenneth P. Woodington,* Columbia, *for amicus curiae, State.*

Heard June 3, 1992.

Decided Aug. 31, 1992.

CHANDLER, Justice:

On appeal is an Order of the Master-in-Equity holding that Respondent Coburg, Inc. (Coburg) is the fee simple owner of marshland, two islands, and a causeway located on Wappoo Creek in Charleston. We remand for a new trial.

## FACTS

Appellant Melvin J. Lesser (Lesser) received a permit from the South Carolina Coastal Council to construct a walkway and floating dock on marshland at Wappoo Creek, a navigable tidal stream in Charleston. When Lesser began construction, Coburg commenced this action against him to quiet title to the marshlands as well as to two islands and a causeway within the marshland.

The case was referred to the Master, who found: (1) that Coburg is the fee simple owner of the islands and causeway to the exclusion of all persons; and (2) the fee simple owner of the marshland to the exclusion of all persons except the State of South Carolina. The State has filed an *amicus curiae* brief in opposition to the Master's Order.

## DISCUSSION

Presumption of title to marshland rests in the State of South Carolina, to be held in trust for the benefit of the public. *State v. Hardee,* 259 S.C. 535, 193 S.E. (2d) 497 (1972); *Cape Romain Land & Imp. Co. v. Georgia-Carolina Can. Company,* 148 S.C. 428, 146 S.E. 434 (1928). Further, ownership of islands situate within marshland follows ownership of the marshland. *Cf McCullough v. Wall,* 4 Rich. 68, 53 Am. Dec. 715 (1850). Given the State's presumption of title to the property at issue, we hold that the State was a necessary

party and should have been joined pursuant to Rule 19(a), S.C.R.C.P.

Rule 19(a) states in pertinent part:

> (a) *Persons to Be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a part in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest. . . . If he has not been so joined, the court shall order that he be made a party.

Here, a complete determination of the controversy cannot be had absent joinder of the State, the alleged grantor, as a party-defendant. *Botchie v. O'Dowd,* 299 S.C. 329, 384 S.E. (2d) 727 (1989); *Bonney v. Granger,* 292 S.C. 308, 356 S.E. (2d) 138 (Ct. App. 1987). The Master held that Coburg had established title to the marshland by virtue of a grant from the sovereign in 1703, a holding which binds the State in any subsequent action. Moreover, the order effectively invalidated the permit issued to Lesser by Coastal Council, thereby superceding the State's power to control the marshland, to which it has presumption of ownership.

We do not find persuasive Coburg's contention that it holds title to the marshland secondary to the State's presumed ownership. To the contrary, assuming State ownership of the marshland, Coastal Council's permit would entitle Lesser to build his dock and, as any other citizen, use the marshland for his enjoyment.

In such actions where the State is the presumed owner of property allegedly granted to an individual, the State must be joined as a party defendant, either by motion of one of the parties or, if necessary, by the Court. *Cf. Spanish Wells Prop. Owners v. Bd. of Adj.,* 295 S.C. 67, 367 S.E. (2d) 160. (1988) (A permittee is a necessary party in action to revoke development permit); *Bonney v. Granger, supra* (Where two persons claim title to the same property, both should be parties to the action).

Accordingly, we REMAND for a new trial in which the State of South Carolina is joined as a party.

Remanded.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.