24263

COBURG DAIRY, INC., Respondent v. Melvin J. LESSER, South Carolina Coastal Council, and The State of South Carolina, Appellants.

(458 S.E. (2d) 547)

Supreme Court

*T. Travis Medlock, Atty. Gen.* and *Kenneth Woodington, Sr. Asst. Atty. Gen.,* Columbia, *for appellant State of S.C.*

*Mary D. Shahid,* Charleston, *for appellant S.C. Coastal Council.*

*Newman Jackson Smith, Nelson, Mullins, Riley & Scarborough,* Charleston, *for appellant Melvin J. Lesser.*

*Thomas S. Tisdale, Jr.* and *Stephen P. Groves, Young, Clement, Rivers & Tisdale,* Charleston, *for respondent.*

Heard Apr. 5, 1995.

Decided June 19, 1995.

MOORE, Justice:

This is an action to quiet title to marshland along Wappoo Creek in Charleston County. The master quieted title in respondent (Coburg). We reverse.

## FACTS

Wappoo Creek is a navigable tidal stream. The marshland in question includes two small islands. Appellant Coastal Council granted a permit to appellant Melvin Lesser to build a walkway over the marsh to the larger island and from there to a floating dock on the creek. When Lesser began construction, Coburg commenced this action claiming it was fee simple owner of the marsh and islands. The master quieted title in Coburg.

On appeal, this Court remanded for a new trial on the ground the State was a necessary party since title to marshland is presumed to rest in the state. *Coburg v. Lesser,* 309

S.C. 252, 422 S.E. (2d) 96 (1992) (*Coburg I*). On remand, the master again quieted title in Coburg. The State appeals contending it is the fee simple owner of the marshland and islands.

## ISSUE

Is Coburg's title sufficient to overcome the State's presumptive title to marshland?

## DISCUSSION

Land lying between the usual high-water mark and the usual low-water mark on a tidal navigable watercourse enjoys a unique status since it is held by the State in trust for public purposes. *Hobonny Club, Inc. v. McEachern*, 272 S.C. 392, 252 S.E. (2d) 133 (1979). One asserting title to this land must prove a specific grant from the sovereign which is strictly construed against the grantee. *Id.*

Coburg asserts ownership based on a 1967 deed which it traces back to a 1703 grant from the Lords Proprietors[1] to Robert Gibbes. The only evidence of this grant is contained in a memorial of a subsequent deed dated 1733, thirty years after the original grant. A memorial is essentially a landowner's description of his own property.[2] We assume for purposes of this case the memorial is sufficient evidence of the grant in question here.

According to the 1733 memorial, the original grant provided in pertinent part that the land granted to Robert Gibbes was "to the northward and westward of the Wappoo Creek." Where a tidal navigable waterway is a boundary in a grant, the area below the usual high-water mark remains in the State absent specific language conveying it. *State v. Fain*, 273 S.C. 748, 259 S.E. (2d) 606 (1979); *Hobonny Club, supra; State v. Hardee*, 259 S.C. 535, 193 S.E.

---

[1] From 1672 until 1730, grants of land were made by the Lords Proprietors who were granted enormous tracts of land in America by Charles II, King of England. The Lords Proprietors owned all of Carolina and acted in the stead of the sovereign in making land grants. *See generally* I.D. Wallace, *The History of South Carolina* (1934).

[2] Expert testimony at trial indicates that around 1733, the royal government, fearing many landowners had inaccurate land grants, required landowners to register their land including its derivations.

(2d) 497 (1972). In this case, there is no evidence of specific language in the grant showing an intent to convey the land below the high-water mark of Wappoo Creek.[3] Title to the marshland therefore remained in the sovereign at the time of this conveyance. The extended marsh created by encroachment of the waters of Wappoo Creek also belongs to the State. *Horry County v. Woodward*, 282 S.C. 366, 318 S.E. (2d) 584 (Ct. App. 1984). Title to islands situate within marshland follows title to the marshland. *Coburg I*, 309 S.C. at 253, 422 S.E. (2d) at 97. Accordingly, we hold the marshland and islands in question belong to the State. The order of the master is

Reversed.

FINNEY, C.J., TOAL and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

---

[3] Nor is there a plat incorporated by reference that might provide the requisite intent. *See Hobonny Club, supra* (plat incorporated by reference in grant may provide requisite intent to convey tidelands).