478 S.E.2d 841

Gettys M. GLAZE, Robert B. Kizer, Catherine E. White,
and the City of Charleston, a Municipal
Corporation, Respondents,

v.

Jack GROOMS, Elizabeth Green, Pamela Ohlandt, William Wil-
der and George Bloodworth, in their Official Capacities as
Commissioners of Election for the Proposed Town of James
Island, and in their official capacities as managers of Election
for the proposed Town of James Island, James Miles, in his
capacity as Secretary of State for the State of South Carolina,
and the Town of James Island, Appellants.

No. 24529.

Supreme Court of South Carolina.

Heard Sept. 19, 1996.
Decided Nov. 18, 1996.
Rehearing Denied Dec. 20, 1996.

250

J. Reese Daniel, Columbia, Melinda A. Lucka, James Island, and J. Christian Adams, General Counsel for the South Carolina Secretary of State, Columbia, for appellants.

Frances I. Cantwell and William B. Regan, Charleston, for respondents.

WALLER, Justice:

This case involves a challenge to the 1992 incorporation of the Town of James Island. The circuit court ruled the incorporation invalid due to a lack of contiguity of the areas incorporated. We affirm.

## FACTS

In June, 1992, certain residents of the unincorporated areas of James Island petitioned the Secretary of State seeking to incorporate into a municipality. The Secretary issued a commission to four individuals (the Appellants, Election Commis-

sioners) to conduct a referendum. The December 1, 1992 referendum resulted in favor of incorporation (2287 in favor, 2212 against). On December 17, 1992, the plaintiffs instituted the present action against the Election Commissioners challenging the incorporation.[1] They sought declaratory relief and an injunction. They claimed, *inter alia,* the areas of James Island incorporated lacked the requisite contiguity.[2]

In June, 1993, the election commissioners filed a motion for judgment on the pleadings, claiming the plaintiffs had failed to name the proper parties in their complaint,[3] and that the present action had not been timely instituted. After a hearing, the circuit court denied the motion for judgment on the pleadings but, on its own motion, pursuant to Rule 21, SCRCP, ordered the Secretary of State and the Town of James Island be added as defendants.

A hearing on the merits was held in July, 1995. The circuit court held, *inter alia,* 1) Town lacked the requisite contiguity to incorporate, 2) the plaintiffs' action was timely filed, and 3) the town was not a *de facto* municipality.

## ISSUES

1. Did the Court err in finding that the Town lacked the requisite contiguity?

2. Was the action properly/timely instituted under S.C.Code Ann. § 5–1–110 (1976)?

3. Do respondents Glaze and City of Charleston have standing?

4. Did the Court err in finding Town was not a *de facto* municipal corporation?

---

1. The Secretary of State issued a certificate of incorporation to the Town three weeks later, on January 8, 1993.

2. They also alleged the incorporation statute, S.C.Code Ann. § 5–1–40 (1976), was unconstitutional as it denied equal protection and that the residents had failed, as required by S.C.Code Ann. § 5–1–30 (Supp. 1995), to request annexation by the nearest municipality. Neither of these issues were addressed by the circuit court and, accordingly, they are not preserved for review. *Cook v. SCDHPT,* 309 S.C. 179, 420 S.E.2d 847 (1992).

3. They claimed plaintiffs should have named the Secretary of State.

## 1. CONTIGUITY

 Appellants contend the circuit court erred in finding the Town without the requisite contiguity.[4] We disagree.

It is essentially undisputed that there are nine "high land" areas of James Island, separated by marshlands and creeks which have previously been annexed by the City of Charleston and/or the City of Folly Beach. James Island used these marshlands and creeks to establish contiguity, claiming that since the "high lands" are otherwise contiguous, the fact that they are separated by water does not vitiate their contiguity.

 We agree with Appellants' basic proposition that contiguity is not destroyed by water or marshlands which separate parcels of highland. *See, e.g., Tovey v. City of Charleston,* 237 S.C. 475, 117 S.E.2d 872 (1961); *Bryant v. City of Charleston,* 295 S.C. 408, 368 S.E.2d 899 (1988). However, the flaw in Appellants' argument is that it essentially disregards the fact that the waters/wetlands it seeks to use to establish contiguity have **already been annexed** by another municipality.[5]

 In *Tovey,* we recognized that marshlands or wetlands, even if owned by the State,[6] may be annexed by a municipality. Here, the City of Charleston and the City of Folly Beach had, prior to James Island's proposed incorporation, annexed the waters in question. Accordingly, once annexed by those municipalities, the territory became like any other annexed

---

4. Initially, appellants assert nothing in § 5–1–10 et seq. requires incorporating areas to be contiguous. Contrary to appellant's assertion, territory sought to be incorporated must be contiguous. McQuillen, *Municipal Corporations,* § 3.15(f). *See also* 1983 Op. Att'y Gen. 83–63 (contiguity requirement applies to incorporations as well as annexations). Further, we have previously recognized a contiguity requirement even in the absence of a statutory mandate to that effect. *Tovey v. City of Charleston,* 237 S.C. 475, 117 S.E.2d 872 (1961). We find the circuit court correctly held contiguity is required for incorporation.

5. But for the previous annexation of the areas in question, we would agree that James Island met the requisite contiguity.

6. Appellants also claim, citing *Coburg Dairy, Inc. v. Lesser,* 318 S.C. 510, 458 S.E.2d 547 (1995), that respondents have failed to prove ownership of the wetlands. *Tovey* makes clear, however, that ownership is not required before a municipality may annex state owned property and wetlands.

territory, i.e., it fell **within** that municipality's boundaries. It is implicit that contiguity must be achieved through adjacent parcels which are not within the corporate limits of another municipality. *Tovey supra; Town of Forest Acres v. Seigler,* 224 S.C. 166, 77 S.E.2d 900 (1953). *See also* 62 C.J.S. *Municipal Corporations* § 85 (generally, a new municipality cannot be formed out of or embrace territory already included with the limits of an incorporated city). It defies the very concept of contiguity to suggest that one municipality may use an adjacent municipality's annexed territory to establish contiguity. Accordingly, the circuit court properly ruled, due to the prior annexation of the waters in question, that Town lacked the requisite contiguity to incorporate.

## 2. TIMELINESS

■ Appellants claim this action, instituted three weeks prior to the issuance of the certificate of incorporation, was untimely as S.C.Code Ann. § 5–1–110 requires challenges to be instituted "within 60 days **after** issuance of the certificate." We disagree.[7]

■ If an action is required by statute within a certain time "after" an event, the general rule is that the action may be taken before the event, since the statute will be considered as fixing the latest, but not the earliest, time for taking the action. 86 C.J.S. *Time* § 8, *See also Kanavos v. Hancock Bank & Trust,* 14 Mass.App. 326, 439 N.E.2d 311 (1982). When used relative to time "within" means "any time before; at or before; at the end of; before the expiration of; not beyond; not exceeding; not later than." BLACK'S LAW DICTIONARY 1437 (5th Ed.1979). Consistent with this approach, the trial court found the action timely commenced. We concur with the trial court's ruling.

---

**7.** To the extent Appellants contend the action raises no procedural challenge, there is nothing for this Court's review as appellants never raised this contention below. *McGee v. Bruce Hosp. System.,* 321 S.C. 340, 468 S.E.2d 633 (1996). Further, contrary to Appellant's contention, such a defect would not deprive the circuit court of subject matter jurisdiction. *See Dove v. Gold Kist,* 314 S.C. 235, 442 S.E.2d 598 (1994); *Moyd v. Johnson,* 289 S.C. 482, 347 S.E.2d 97 (1986).

■ The Election Commissioners also assert they were not properly named as defendants. We disagree.

A motion to dismiss a party is addressed to the court's discretion. A J. Moore, J. Lucas, and G. Grotheer, Moore's Federal Practice Section 21.03[1] (2d ed. 1987); *Demian v. SCH & HSFC,* 297 S.C. 1, 374 S.E.2d 510 (Ct.App.1988). Section 5–1–110 authorizes a suit to challenge the incorporation procedures of a municipal corporation. The Election Commissioners were the people who instituted the proceedings necessary to incorporate and who forwarded to the Secretary of State the maps (which did not reveal a lack of contiguity) outlining the proposed area of James Island. As such, we find they were properly named as parties.

Further, the trial court properly declined to dismiss the suit in favor of adding the Secretary of State and Town as defendants. *See* Rule 19, SCRCP (joinder of necessary parties) and Rule 21, SCRCP (misjoinder of parties not a ground for dismissal; parties may be added on motion of the court at any stage of the action).

## 3. STANDING

■ Appellants next assert respondents Glaze and the City of Charleston have no standing to bring this action. We disagree.

■ To have standing, one must have a personal stake in the subject matter of the lawsuit, i.e., one must be a real party in interest. *Townsend v. Townsend,* 323 S.C. 309, 474 S.E.2d 424 (1996). A real party in interest is one with a real, material or substantial interest. *Anchor Point Inc. v. Shoals Sewer Co.,* 308 S.C. 422, 418 S.E.2d 546 (1992); Rule 17, SCRCP. The general rule is that a municipality must allege an infringement of its own proprietary interests or statutory rights to establish standing. *City of Spartanburg v. County of Spartanburg,* 303 S.C. 393, 401 S.E.2d 158 (1991).

We find Glaze's status as a resident of James Island is sufficient to confer standing. *Cf. Saint Andrews Public Service District v. City of Charleston,* 294 S.C. 92, 362 S.E.2d 877 (1987) (annexation statute grants standing to any resident of an area to challenge a proposed annexation). Similarly, the

City of Charleston, which owns the territory Town seeks to use to establish contiguity, claims a sufficient infringement of its interests to confer standing.

■ Finally, we reject Appellants' contention that this action may be brought only by the State. Although the legal **existence** of a municipal corporation, once formed, is generally reserved to the State, a material omission in the acts necessary in the process of incorporation may be collaterally attacked. McQuillen, *Municipal Corporations*, § 3.49 (1987). Here, section 5–1–110 specifically authorizes a challenge to incorporation procedures without designating who may bring such a suit. In the absence of a specific limitation by the Legislature, we decline to limit such challenges to the State.

## 4. *DE FACTO* CORPORATION

■ Lastly, appellants assert Town, having assumed all the duties and powers of a municipality, is a *de facto* municipality and is therefore not subject to attack. We disagree.

■ A *de facto* corporation is one so defectively created as not to be a *de jure* corporation, but nevertheless the result of a bona fide attempt to incorporate under existing statutory authority, coupled with the exercise of corporate powers, and recognized by the courts as such in all proceedings except a direct attack by the state questioning its corporate existence. McQuillen, *infra*, § 3.48. If, however, there is a material omission or fatal irregularity in the proceeding for the incorporation, a purported decree is void and does not create a *de facto* corporation. *Id.* at § 3.48(a). S.C.Code Ann. § 5–1–110 specifically authorizes such a challenge.

Here, the plaintiffs claimed a fatal irregularity in the incorporation proceeding, i.e., lack of contiguity. We find the challenge was both timely and proper and, accordingly, we decline to confer the status of a *de facto* municipality simply due to the length of the appeal. *Accord Dalton v. Town Council of Mt. Pleasant*, 241 S.C. 546, 129 S.E.2d 523 (1963) (refusal to uphold *de facto* existence where plaintiff had acted

promptly in contesting annexation and sought, and been denied, an injunction pending the litigation).[8]

The judgment below is

**AFFIRMED.**

TOAL, MOORE and BURNETT, JJ., and H. SAMUEL STILWELL, Acting Associate Justice, concur.

---

8. Moreover, it is quite evident from the record that Town attempted, from the outset, to establish itself as a *de facto* corporate entity, notwithstanding the pending challenge to its incorporation. Minutes of Town Meeting, March 3, 1993.