**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

INEZ BROWN CROUCH; RONALD S.
GARMON; RONALD H.
MIDDLETON, SR.; JOHN C. MIZZELL;
JOAN M. SOOY; ANN V. PADGETT;
WILLIAM C. WILDER; JERRY LEE
RICHARDSON; PARRIS L. WILLIAMS;
JOHN DOE, an individual affected by
the re-zoning decision; TOWN OF
JAMES ISLAND,
Plaintiffs-Appellants,

v.                                                              No. 97-1118

SECRETARY OF STATE, in his official
capacity,
Defendant-Appellee,

and

CITY OF CHARLESTON; ROBERT B.
KIZER,
Parties in Interest.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CA-96-3786-2-23)

Argued: May 7, 1997

Decided: August 5, 1997

Before RUSSELL and HALL, Circuit Judges, and
TRAXLER, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Andrew Gowder, Jr., PRATT-THOMAS, PEARCE, EPTING & WALKER, P.A., Charleston, South Carolina, for Appellants. Bruce Edward Miller, BARNWELL, WHALEY, PATTERSON & HELMS, L.L.C., Charleston, South Carolina, for Appellee. **ON BRIEF:** Andrew K. Epting, G. Trenholm Walker, Gregg Meyers, PRATT-THOMAS, PEARCE, EPTING & WALKER, P.A., Charleston, South Carolina, for Appellants. James E. Reeves, BARNWELL, WHALEY, PATTERSON & HELMS, L.L.C., Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this case we consider whether litigants who lost in state supreme court have a federal cause of action on the same facts. The district court dismissed the case for want of jurisdiction, and the plaintiffs below appeal.

I.

In 1992, some residents of James Island, an area near Charleston, South Carolina, filed a petition with the South Carolina Secretary of State, seeking to incorporate the area into a town. The South Carolina Secretary of State appointed a commission to conduct a referendum, and a majority of the residents of the area voted in favor of incorporation. The Town of James Island came into existence in January 1993 and began operations as a municipality. Opponents of the incorpora-

2

tion filed suit in state circuit court. They argued, <u>inter alia</u>, that the Town lacked the contiguity of area required for lawful incorporation. The state circuit court agreed, and declared the Town's incorporation invalid. In <u>Glaze v. Grooms</u>,[1] the Supreme Court of South Carolina affirmed the judgment.

The plaintiffs in this action then filed suit in federal district court to stop the dissolution of the town, claiming the dissolution would violate certain of their rights under the United States Constitution and federal statutes. They sued for declaratory and injunctive relief to stop the South Carolina Secretary of State from carrying out the mandate of the <u>Glaze</u> decision.[2]

The district court ruled that the plaintiffs were essentially seeking federal appellate review of the <u>Glaze</u> decision and that their constitutional claims were inextricably intertwined with claims in the state court proceeding. It dismissed the plaintiffs' action for lack of subject matter jurisdiction, because federal courts may not review decisions of the highest court of a state.

The plaintiffs appeal the district court's dismissal of their suit. We review the district court's dismissal for lack of subject matter jurisdiction <u>de novo</u>.[3]

II.

Only the Supreme Court of the United States may review "[f]inal judgments or decrees rendered by the highest court of a State."[4] In the line of reasoning known as the <u>Rooker-Feldman</u> [5] doctrine, the Supreme Court has established that United States District Courts are

---

[1] 478 S.E.2d 841 (S.C. 1996), <u>cert. denied</u>, 117 S. Ct. 1845 (1997).
[2] We are unsure what the exact status of the Town is at this point, and what steps, if any, must be taken to dissolve it. We do not need this information, however, to decide the case before us.
[3] **Hager v. Gibson**, 108 F.3d 35, 38 (4th Cir. 1997).
[4] 28 U.S.C.A. § 1257 (West 1993).
[5] **District of Columbia Court of Appeals v. Feldman**, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).

"without authority to review final determinations" of state supreme courts.**6** Rooker-Feldman prevents district courts from entertaining cases that present challenges to state supreme court judgments that arise out of particular adjudications, although general challenges to state court action are permissible.**7**

Furthermore, even if a claim does not raise a challenge to a state court judgment, Rooker-Feldman may still deprive the district court of jurisdiction. "If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding [of the requested relief], then the district court is in essence being called upon to review the state-court decision. This it may not do."**8** In other words, if the appellants in this case were seeking to challenge a state court decision arising from a particularized adjudication, or if their federal claims were inextricably intertwined with the state-court proceedings, the district court was without subject matter jurisdiction and was required to dismiss the case.

The plaintiffs sought preliminary and permanent injunctions "preventing the Secretary of State from decertifying the Town," or requiring recertification if the Secretary had already decertified it. They also sought a declaratory judgment that decertification of the town would violate their constitutional rights, "and that the state court lacked subject matter jurisdiction" in the Glaze case. They also demanded the district court declare the Glaze decision"nonbinding and void as to these plaintiffs." Finally, they asked the district court to prevent the decertification of the town on the theory that decertification would violate the Voting Rights Act.**9**

_____

**6 Feldman**, 460 U.S. at 476.

**7 See id**. at 486. See also Stern v. Nix, 840 F.2d 208, 211 (3d Cir. 1988) (allowing general challenge to state bar rules promulgated by state court in nonjudicial proceeding).

**8 Id.** at 482 n.16.

**9** 42 U.S.C.A. § 1973 (West 1994).

A.

To the extent the plaintiffs sought injunctive relief preventing or reversing the implementation of the mandate of the Glaze decision, they were seeking federal review of that decision. If the district court had issued the requested injunction, that very act would have negated the decision of the state court in Glaze.

In Stern v. Nix,**10** an attorney was disbarred by the Pennsylvania Supreme Court following a hearing and oral argument before that court. Dissatisfied with the result of his case, the attorney, Stern, initiated a case in federal court, claiming a "general challenge" to state court rules.**11** Looking beyond the pleadings, however, the Third Circuit found that Stern's request for a permanent injunction preventing his disbarment amounted to a particularized challenge to the Pennsylvania court order. The Third Circuit rejected Stern's appeal and ordered the case dismissed. It reasoned that "Stern's complaint [was] simply a skillful attempt to mask the true purpose of the action, which essentially [was] to reverse the judicial decision of the Supreme Court of Pennsylvania, in contravention of Rooker-Feldman."**12**

Like Stern, the appellants in the instant case have mounted a challenge to a particularized state court adjudication. Federal district courts "do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."**13**

We read the appellants' complaint in this case to seek reversal of the Glaze decision. Glaze ordered the decertification of the Town of James Island. The appellants asked the district court to prevent the decertification of the town so that it could continue to exist. This is nothing more than an attempt to overturn Glaze  and is prohibited by Rooker-Feldman.

_____

**10** 840 F.2d 208 (3d Cir. 1988).
**11** Id. at 211.
**12** Id. at 212.
**13** Feldman, 460 U.S. at 486.

B.

The appellants also sought federal court review on constitutional and statutory claims that the district court ruled were "inextricably intertwined" with the Glaze decision. We have noted that Rooker-Feldman extends to such matters, and we agree with the district court that the appellants presented inextricably intertwined claims. For example, Glaze ordered the decertification of the town based on the town's failure to satisfy the contiguity requirement of South Carolina law.**14** The plaintiffs now challenge the contiguity requirement on the basis that it is "not reasonable and necessary to carry out a legitimate government purpose." In Glaze, however, the court relied on case law from South Carolina, and implicitly upheld the contiguity requirement.**15** Thus, the plaintiffs' challenge to the contiguity requirement would require the district court to examine Glaze, the underlying state court precedent,**16** and the South Carolina municipal incorporation statute.**17** Therefore, the challenge is "inextricably intertwined" with the state court's judicial proceedings and cannot be heard in federal court.**18** The balance of the plaintiffs' challenges likewise fail.

III.

The appellants present two arguments that they contend will defeat the application of Rooker-Feldman to their lawsuit. We reject both of them.

_____

**14 Glaze**, 478 S.E.2d at 843 n.4.
**15 Id.** (citing Tovey v. City of Charleston, 117 S.E.2d 872 (S.C. 1961) (requiring contiguity of areas for incorporation)).

**16 Tovey**, 117 S.E.2d 872.

**17** S.C. Code Ann. §§ 5-1-10 to 110 (Law. Co-op. 1977 & Supp. 1995).
**18** We also note that the South Carolina General Assembly is currently considering revising the incorporation statute to create and define a contiguity requirement. See H.B. 3986, 112th Sess. Gen. Assembly (S.C. introduced Apr. 10, 1997); S.B. 63, 112th Sess. Gen. Assembly (S.C. introduced Jan. 14, 1997) (adding contiguity requirement in S.C. Code. Ann. § 5-1-30). It appears the proposed revisions would allow James Island to incorporate.

A.

The plaintiffs in the instant case include some litigants from the state court action and new plaintiffs. These new plaintiffs argue that they must be afforded an opportunity to present their constitutional claims in federal court. They are wrong. In Guess v. Board of Medical Examiners,[19] we applied the Rooker-Feldman doctrine to the claims of a doctor whose license had been revoked by state authorities, and affirmed the district court's judgment that it lacked subject matter jurisdiction to hear the doctor's claims. Patients of the doctor sought injunctive relief in federal court that would have allowed the doctor to continue to treat them. We ruled that because the patients' claims were merely derivative of the doctor's claims, they were rendered moot by our application of the Rooker-Feldman doctrine.[20] Even though none of the plaintiffs had been parties to the doctor's original state court action, we reasoned that the patients"effectively [sought] to relitigate the claims of Guess that were previously decided and which this court ha[d] no jurisdiction to review."

Likewise, the new plaintiffs in this case seek review of the Supreme Court of South Carolina decision in Glaze. As discussed above, the district court had no jurisdiction to review the Glaze decision. The addition of new plaintiffs does not create jurisdiction.

B.

The appellants also argue that they are entitled to litigate in federal court any constitutional claims not considered in the state-court proceedings. The Supreme Court specifically addressed this contention in Feldman.[21] It criticized a Fifth Circuit decision allowing a plaintiff to present constitutional claims in federal district court even though the plaintiff failed to raise these claims in a previous adjudication by the Texas Supreme Court. The Court declared that"[b]y failing to raise his constitutional claims in state court a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court.

_____

[19] 967 F.2d 998 (4th Cir. 1992).
[20] Id. at 1005.
[21] 460 U.S. at 482 n.16.

7

This result is eminently defensible on policy grounds. We have noted the competence of state courts to adjudicate federal constitutional claims."**22** As in <u>Feldman</u> , the appellants here failed to raise their federal constitutional claims in the state court proceedings. They may not do so now in federal court.

IV.

We find no error by the district court in applying the <u>Rooker-Feldman</u> doctrine, and affirm the judgment below.

<u>AFFIRMED</u>

_____

**22** <u>**Id.**</u> (citations omitted).