# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

National Trust for Historic Preservation in the United States and City of Charleston, Petitioners,

v.

City of North Charleston, Respondent.

Appellate Case No. 2023-000930

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Charleston County
Eugene C. Griffith, Jr., Circuit Court Judge

---

Opinion No. 28313
Heard April 1, 2025 – Filed January 21, 2026

---

## REVERSED IN PART; AFFIRMED IN PART

---

George Trenholm Walker, of Walker Gressette Freeman & Linton, LLC, of Charleston, for National Trust for Historic Preservation in the United States; Frances Isaac Cantwell, of City of Charleston Legal Department; Julia Parker Copeland, formerly of City of Charleston Legal Department; Wilbur E. Johnson and Russell Grainger Hines, of Clement Rivers, LLP, all of Charleston, all for City of Charleston.

David J. Parrish, of Maynard Nexsen PC; Kriston D. Neely, both of Charleston, both for City of North Charleston.

---

**JUSTICE FEW:** This appeal arises from an action filed by National Trust for Historic Preservation and the City of Charleston challenging the City of North Charleston's attempted annexation of real property near Highway 61 and the Ashley River. National Trust and Charleston appeal the court of appeals' decision affirming the circuit court's ruling that National Trust and Charleston lacked standing to challenge North Charleston's annexation. We find both National Trust and Charleston have standing and reverse the court of appeals. The court of appeals found it unnecessary to reach the substantive issues regarding the legality of the annexation, which issues were fully briefed at the court of appeals. We now certify those issues for our review pursuant to Rule 204(b), SCACR, dispense with further briefing, and affirm the circuit court's alternative ruling that North Charleston did not lawfully annex the property because the property is not "adjacent" to North Charleston's existing city limits.

## I.      Facts and Procedural History

The court of appeals thoroughly set forth the history and facts surrounding North Charleston's attempted annexation. *Nat'l Tr. for Historic Pres. in U.S. v. City of North Charleston*, 439 S.C. 222, 224-25, 886 S.E.2d 487, 488-89 (Ct. App. 2023). We will discuss here only the narrow sets of facts necessary to address the issue of standing, and then whether the property North Charleston sought to annex is "adjacent" as that term is used in the applicable annexation statute, section 5-3-100 of the South Carolina Code (2004). We refer the reader to the court of appeals' opinion for a more detailed factual background.

Since 1980, National Trust has owned 26.53 acres in a narrow strip of land—100 feet wide and approximately 2.2 miles long—on the southwest side of Highway 61 in Charleston County. The National Trust "narrow strip" parcel bears the tax map sequence (TMS) number 301-00-00-017. The narrow strip touches the highway right of way for its entire length. In 2005, Charleston annexed the narrow strip and since then the property has been part of the City of Charleston.

In October 2017, North Charleston annexed 113 acres of land—the Runneymede parcel—on the northeast side of Highway 61, directly across the highway from some, but not all, of National Trust's narrow strip. The Runnymede parcel—TMS

number 361-00-00-002—runs north from Highway 61 to the Ashley River, where it adjoins other property within the city limits of North Charleston on the northeast side of the river. *See Bryant v. City of Charleston*, 295 S.C. 408, 411, 368 S.E.2d 899, 901 (1988) (holding "contiguity is not destroyed by water or marshland within either the annexing municipality's existing boundaries or those of the property to be annexed merely because it separates the parcels of highland involved").

In December 2017, the North Charleston City Council enacted the annexation ordinance that is the subject of this litigation, Ordinance No. 2017-080 (Dec. 21, 2017). Through this ordinance, North Charleston sought to annex a square, one-acre parcel of property—TMS number 301-00-00-797—located on the southwest side of Highway 61 on the other side of the National Trust narrow strip from Highway 61 and the Runnymede parcel. We will refer to this as the annexation parcel. North Charleston had purchased the annexation parcel two months earlier in September 2017. When setting forth the boundaries of the annexation parcel in Ordinance 2017-080, North Charleston included 62 square feet of land that is part of the National Trust narrow strip, which is not only owned by National Trust, but is within the city limits of Charleston.

We included the TMS numbers in this opinion so the layout of the various properties may be viewed on Charleston County's tax mapping system.[1] To summarize what that mapping system shows, the city limits of North Charleston extend across the Ashley River in a westerly direction from the city center, through the Runnymede parcel and others, to the northeast side of Highway 61. On the southwest side of Highway 61, the National Trust "narrow strip" extends southeast and northwest of where North Charleston's city limits—including the Runnymede parcel—touch Highway 61. The annexation parcel does not touch Highway 61, but is 100 feet away from it across the narrow strip. Thus, the annexation parcel does not touch any other property within the city limits of North Charleston, but may be accessed only by passing through the narrow strip, which is owned by National Trust and part of the city limits of Charleston.

---

[1] The map may be found at https://gisccweb.charlestoncounty.org/public_search/. To view any particular parcel referenced in this opinion, enter the TMS number—without dashes—in the search bar in the top left-hand corner of the window. For example, entering the number 3010000797 will pull up the annexation parcel, and it may be seen that the narrow strip (3010000017) separates it from Highway 61 and the Runnymede parcel (3610000002).

National Trust and Charleston filed this lawsuit challenging the validity of Ordinance 2017-080 on the basis that the property North Charleston was attempting to annex was not "adjacent" to any other property within North Charleston's city limits, as required by section 5-3-100. North Charleston filed a motion for partial summary judgment seeking a ruling that the annexation was valid pursuant to section 5-3-100, and a motion to dismiss seeking a ruling that National Trust and Charleston lacked standing to challenge Ordinance 2017-080. National Trust and Charleston also filed a cross motion for summary judgment seeking a ruling that the annexation did not comply with section 5-3-100.

After a hearing, the circuit court dismissed the lawsuit on the basis that both National Trust and Charleston lacked standing. The circuit court ruled in the alternative, however, that if either National Trust or Charleston had standing, Ordinance 2017-080 was invalid under section 5-3-100 because the property North Charleston was attempting to annex was not "adjacent" to North Charleston's city limits.

All parties appealed, and the court of appeals affirmed the circuit court's ruling that National Trust and Charleston did not have standing to challenge Ordinance 2017-080. *Nat'l Tr. for Historic Pres.*, 439 S.C. at 230, 886 S.E.2d at 491.[2] The court of appeals did not address North Charleston's appeal from the circuit court's alternative ruling that the annexation was not valid. 439 S.C. at 230 n.3, 886 S.E.2d at 491 n.3. National Trust and Charleston filed petitions for a writ of certiorari with this Court. We granted both petitions.

## II.    Analysis

National Trust and Charleston argue they have standing to challenge Ordinance 2017-080 because North Charleston is attempting to annex a parcel of land that is physically separated from the existing city limits of North Charleston by real property that is (1) owned by National Trust, and (2) within the city limits of Charleston. National Trust and Charleston also contend they each have standing

---

[2] The court of appeals stated, "A motion to dismiss for lack of standing challenges the court's subject matter jurisdiction." 439 S.C. at 226, 886 S.E.2d at 489 (quoting *S.C. Pub. Int. Found. v. Wilson*, 437 S.C. 334, 340, 878 S.E.2d 891, 894 (2022)). As we recently explained, this statement was not correct. *See Rish v. Rish*, 443 S.C. 220, 224, 904 S.E.2d 862, 864 (2024) ("This Court has recently corrected our prior cases that imprecisely and inaccurately referred to different procedural and substantive rules as limitations on a court's 'subject matter jurisdiction.'").

because North Charleston is attempting to annex 62 square feet of property that is (1) owned by the National Trust, and (2) within the city limits of Charleston. In the alternative, National Trust and Charleston argue they have standing under the public importance exception. We agree with National Trust and Charleston that both have standing, and thus we need not address public importance.

"Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." *S.C. Dep't of Soc. Servs. v. Boulware*, 422 S.C. 1, 7, 809 S.E.2d 223, 226 (2018). "To have standing, one must have a personal stake in the subject matter of the lawsuit." *Glaze v. Grooms*, 324 S.C. 249, 255, 478 S.E.2d 841, 845 (1996). The City of Charleston clearly meets this standard as North Charleston must run its city limits *through* Charleston's city limits in order to complete the annexation. Such an intrusion into and through the city limits of another municipality is a sufficient infringement of that municipality's interests to give it "a personal stake in the subject matter of the lawsuit" such that it may "make a legal claim or seek judicial enforcement of [its] right[s]."

Turning to the standing of National Trust, we need not address whether running the annexation through the narrow strip also gives National Trust standing because the attempt to annex even a small portion of National Trust's property—pursuant to section 5-3-100—without its permission is a sufficient infringement of its interests to give National Trust standing. Section 5-3-100 requires "the territory proposed to be annexed belongs entirely to the municipality seeking its annexation." North Charleston's attempt to annex property pursuant to this section that "belongs" to National Trust gives National Trust standing to contest the annexation. Additionally, North Charleston's attempt to annex property that is within the city limits of another municipality gives that municipality (Charleston) standing.

North Charleston maintains, however, that it never intended to annex property belonging to National Trust and its apparent attempt to do so is clearly a mistake resulting from its use of the same property description from the quitclaim deed it received for the annexation parcel in September 2017. The circuit court accepted this argument, stating, "North Charleston's Ordinance for annexation was for the property that it owned and not any portion of the [narrow s]trip or any of the municipal area of Charleston." We do not accept this argument. The scope of an annexation cannot be based on the subjective intent of the annexing municipality, but must be based only on the language the municipality uses in its annexation ordinance. It is certainly understandable that mistakes will be made, but if so, the mistakes must be formally corrected in an amended or new ordinance. North Charleston has not corrected the property description in Ordinance 2017-080.

### III. "Adjacent" under Section 5-3-100

North Charleston enacted Ordinance 2017-080 pursuant to section 5-3-100, which requires the property a municipality is attempting to annex be "adjacent" to the municipality's existing city limits. North Charleston argues the word "adjacent" is not synonymous with "contiguous" as required in other annexation statutes,[3] and does not require touching, but means merely "in close proximity." *See Adjacent*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "adjacent" as "Lying near or close to, but not necessarily touching"). In the context of South Carolina's annexation statutes—which are premised on the requirement of contiguity, or touching—we disagree. Because the National Trust narrow strip separates the property North Charleston is attempting to annex from North Charleston's existing city limits, the property is not "adjacent" under section 5-3-100, and the attempted annexation is invalid. The analysis is simple, and no further explanation is warranted.

### IV. Conclusion

For the reasons explained above, we reverse the court of appeals on the issue of standing and affirm the circuit court on the validity of the annexation.

**REVERSED IN PART; AFFIRMED IN PART.**

**KITTREDGE, C.J., JAMES, HILL and VERDIN, JJ., concur.**

---

[3] *See* S.C. Code Ann. § 5-3-150(1), (3) (2004) (outlining annexation procedures for "any area or property which is contiguous to a municipality").