22811

ST. ANDREWS PUBLIC SERVICE DISTRICT, Robert A. Weiss and Jane Morris, Of Whom St. Andrews Public Service District and Robert A. Weiss are Appellants v. The CITY OF CHARLESTON, Joseph P. Riley, Jr., Mayor of the City of Charleston, Mary R. Wrixon, Clerk of the City Council of the City of Charleston, and W. Foster Gaillard, Jerome Kinloch, Daniel L. Richardson, Hilda Hutchinson Jefferson, Arthur W. Christopher, Brenda C. Scott, Robert Ford, Esther H. Tecklenburg, Mary R. Ader, Steven L. Baker, W. L. Stephens, Jr., and Edward R. Cochran, constituting the membership of the City Council of the City of Charleston, Respondents.

(362 S. E. (2d) 877)

Supreme Court

*W. McAlister Hill,* Ravenel, *for appellants.*

*William B. Regan,* of *Regan & Williams,* and *Frances I. Cantwell,* Charleston, *for respondents.*

Heard Nov. 4, 1987.

Decided Nov. 30, 1987.

HARWELL, Justice:

Appellants contest the City of Charleston's annexation of 52 acres in the St. Andrews Parish of Charleston County. The trial court declared the annexation valid in all respects and dismissed the action. We affirm.

Appellants first contend that the St. Andrews Public Service District (PSD) has standing to contest the annexation based on its ownership of underground sewer lines running to homes within the annexed area. We disagree.

The annexation here was accomplished pursuant to S. C. Code Ann. § 5-3-150 (1976), which grants protest standing to "[a]ny municipality or any person resident therein and any person residing in the area to be annexed or *owning real property therein* ..." (emphasis added).

A special purpose district is not a municipality for annexation purposes. *Tovey v. City of Charleston,* 237 S. C. 475, 117 S. E. (2d) 872 (1961). Further, there is

insufficient evidence in the record to establish real property ownership by the PSD in the area annexed. The PSD owns only sewer pipes running underground to the annexed area and in some cases holds easements across the serviced property. Protest standing under the statute requires ownership of "real property," not merely property. *See South Carolina National Bank v. Cook*, 291 S. C. 530, 354 S. E. (2d) 562 (1987) (words should not be added to or taken away from statute). Giving "real property" its plain and ordinary meaning, *Hartford Accident and Indemnity v. Lindsay*, 273 S. C. 79, 254 S. E. (2d) 301 (1979), it is evident that PSD does not own real property as mandated by the protest provision of S. C. Code Ann. § 5-3-150 (1976).

Appellants next assert trial court error in refusing to substitute the appraised value or fair market value of Charleston County School District's property for its assessed value. We find no error.

S. C. Code Ann. § 5-3-150 (1976) provides that a petition for annexation must be signed by seventy-five (75%) percent or more of the freeholders owning seventy-five (75%) percent or more of the total *assessed* value of the properties within the targeted area. Appellants introduced detailed expert testimony showing the school district owned 76% of the "appraised" or "book" value of the land to be annexed. Appellant claims the annexation petition is invalid because it is not signed by the school district, thereby leaving the petition signed by freeholders owning only 24% of the "appraised" or "book" value of the property to be annexed.

The school district property is specifically exempted from assessment because it is exempt from taxation. *See* S. C. Code Ann. § 12-43-330 (1976). The school district property therefore has an assessed value of zero. The trial judge was not required to impute some value to it for purposes of determining total ownership in the area to be annexed. S. C. Code Ann. § 5-3-150 specifically refers to "assessed value"; we reject appellants' attempts to superimpose "appraised value" or "fair market value" or "book value" where no assessed value exists. *See Walton v. Walton*, 282 S. C. 165, 318 S. E. (2d) 14 (1984) (prohibiting subtle or forced construction of statutory words for the purpose of expanding statute's operation). The interpretation proferred by ap-

pellants would create an ambiguity in the statute where none now exists.

Our review of the record convinces us that the annexation petition here met the requirements of S. C. Code Ann. § 5-3-150 (1976). We dismiss appellant's remaining exceptions as meritless and affirm the trial court's order.

The order of the trial court is

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.