1280

CAPITAL VIEW FIRE DISTRICT, Appellant v. The COUNTY OF RICHLAND and Richland County Council, The City of Columbia, and Columbia City Council, Respondents.

(377 S. E. (2d) 122)

Court of Appeals

*Ronald M. Childress,* of *Childress & Mille,* Columbia, *for appellant.*

*Deputy County Atty., C. Dennis Aughtry* and *City Atty., Roy D. Bates,* Columbia, *for respondents.*

Heard Dec. 7, 1988.

Decided Jan. 23, 1989.

GOOLSBY, Judge:

In this action for declaratory judgment and injunctive relief, Capital View Fire District seeks to invalidate a fire service agreement executed between the City of Columbia and Richland County and to enjoin the collection of a tax. The trial court granted the city's and county's motions for summary judgment, finding that Capital View lacked standing to maintain the action alleged in its complaint. Capital View asserts on appeal that it has standing to challenge the fire service agreement in the instant action either as a real party in interest or as *parens patriae* of the taxpayers and persons residing within its district. We affirm.

Capital View, which is a special service district established pursuant to what are now Sections 6-11-10 *et seq.* of the South Carolina Code of Laws (1976 and Supp. 1987), brings this action allegedly "as a real party in interest and also in its capacity as *parens patriae* with respect to taxpayers and persons residing within [its district and] owning property therein and/or receiving and paying for water services from the ... City of Columbia."

According to Capital View's complaint, the city and county in June 1984 entered into an agreement that provides

for the extension of city fire-fighting services into the unincorporated areas of Richland County, including the area comprising its district.

As reflected by the agreement, which Capital View attached to and made a part of its complaint, the county-wide fire-fighting plan would be funded in part by payments from available county funds "equal to .00180 of [the] assessed value of all property upon which the [c]ounty has collected ad valorem taxes as of the date of disbursement" and in part by city fire-protection charges.

Capital View alleges in its complaint that the agreement subjects "all citizens" in the district to taxation "without their consent" and subjects them to "double taxation for fire protection." It seeks to have the agreement declared "null and void" and to have the city and county enjoined from collecting the "unlawful tax" described in the complaint.

In granting the city and county summary judgment, the trial court, as we read its order, rejected Capital View's claim that it could maintain the action at hand either as a real party in interest or as a representative of the taxpayers and persons residing within its district.

### I.

We find no merit to Capital View's argument that it has standing as a real party in interest to challenge the validity of the fire service agreement.

Capital View's complaint seeks merely to have the agreement voided and the tax which funds the agreement's firefighting plan enjoined because the agreement allegedly results in the imposition of an unlawful tax upon the citizens of its district. It contains no allegations that the agreement violates Capital View's own proprietary interests or statutory rights in any way. Absent such allegations, Capital View lacks standing as a real party in interest to challenge the agreement. *See In re Multidistrict Vehicle Air Pollution M.D.L. No. 31*, 481 F. (2d) 122 (9th Cir. 1973), *cert. denied*, 414 U. S. 1045, 94 S. Ct. 551, 38 L. Ed. (2d) 336 (1973) (political subdivisions, such as cities and counties, may sue to vindicate such of their own proprietary interests as might be congruent with the interests of their inhabitants).

Although Capital View devotes much of its brief to the

argument that its complaint seeks to have the agreement declared void because the agreement violates the provisions of Section 4-19-10(b) of the South Carolina Code of Laws (1976 and Supp. 1987), nowhere in its complaint does Capital View mention, much less allege, that the agreement violates the provisions of Section 4-19-10(b). *See Barnwell Production Credit Association v. Hartzog,* 231 S. C. 340, 98 S. E. (2d) 835 (1957) (the character of an action is primarily determined by the allegations of the complaint).

Even assuming Capital View properly raised the issue of whether the agreement violates its rights under Section 4-19-10(b), Capital View failed to properly preserve the issue. The trial court did not address this issue anywhere in its order and Capital View did not request the trial court to rule upon it in any motion made pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. *Talley v. South Carolina Higher Education Tuition Grants Committee,* 289 S. C. 483, 347 S. E. (2d) 99 (1986).

## II.

We also find no merit to Capital View's argument that it has standing under the doctrine of *parens patriae* to challenge the validity of the fire service agreement on behalf of the taxpayers and residents in its district.

The doctrine of *parens patriae* applies only to sovereigns asserting at least quasi-sovereign interests apart from the interests of particular private citizens. *Alfred L. Snapp & Son, Inc. v. Puerto Rico,* 458 U. S. 592, 102 S. Ct. 3260, 73 L. Ed. (2d) 995 (1982). Political subdivisions, such as cities and counties, however, lack the element of sovereignty that is a prerequisite to maintaining a suit under the doctrine of *parens patriae. See Board of County Commissioners v. Denver Board of Water Commissioners,* 718 P. (2d) 235 (Colo. 1986) (counties lack the element of sovereignty that is a prerequisite for *parens patriae* standing); *United States v. City of Pittsburg, California,* 661 F. (2d) 783 (9th Cir. 1981) (only the states and the federal government may sue as *parens patriae*); *cf. Board of Supervisors of Fairfax County, Virginia v. United States,* 408 F. Supp. 556, 566 (E. D. Va. 1976) ("Fairfax County, however, is not a sovereign, but rather a political subdivision whose

powers are derivative of the sovereign State of Virginia."). Capital View is a political subdivision of the state. As such, it lacks the element of sovereignty that is a prerequisite to *parens patriae* standing.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.