23318

COUNTY OF LEXINGTON, SOUTH CAROLINA, Respondent v.
CITY OF COLUMBIA, Appellant.

(400 S.E. (2d) 146)

Supreme Court

*Roy D. Bates* and *James S. Meggs, Office of the City Attorney,* Columbia, *for appellant.*

*George S. Nicholson, Jr.,* and *Jeff M. Anderson,* Lexington, *for respondent.*

Submitted Nov. 27, 1990.

Decided Jan. 21, 1991.

GREGORY, Chief Justice:

Respondent (County) commenced this action for declaratory judgment alleging appellant's (City's) annexation of property located in County was invalid. The property was annexed

by 100% landowner petition pursuant to S.C. Code Ann. § 5-3-150(3) (1976). City moved to dismiss the complaint on the ground County lacked standing to bring the action. The trial judge denied the motion. We reverse.

Generally, a county has the power to sue and be sued as a political body. S.C. Code Ann. § 4-1-10 (1986). As a political subdivision of the State, however, it lacks the sovereignty to maintain a suit under the doctrine of *parens patriae. Capital View Fire District v. County of Richland,* 297 S.C. 359, 377 S.E. (2d) 122 (Ct. App. 1989). Absent an issue of overriding public concern, a political subdivision must establish it is a real party in interest in order to maintain a suit. *Richland County Recreation District v. City of Columbia,* 290 S.C. 93, 348 S.E. (2d) 363 (1986); *see also Thompson v. South Carolina Comm'n on Alcohol and Drug Abuse,* 267 S.C. 463, 229 S.E. (2d) 718 (1976) (wherein this Court entertained suit in its original jurisdiction brought by law enforcement official to determine constitutionality of an act affecting enforcement of public drunkenness laws). It must allege an infringement of its own proprietary interests or statutory rights to establish standing. *Richland County Recreation District, supra; Capital View Fire District, supra.* County has failed to allege any such infringement. Moreover, we find no issue of overriding public concern. We hold County lacks standing to maintain this action. The judgment of the circuit court is

Reversed.

HARWELL, CHANDLER and FINNEY, JJ., concur.

TOAL, J., not participating.