23343

Richard M. QUINN, Jr., Clay Moss and Town of Irmo, Respondents v. CITY OF COLUMBIA, Appellant.

(401 S.E. (2d) 165)

Supreme Court

*Roy D. Bates* and *James S. Meggs*, both of the *Office of the City Atty.*, Columbia, *for appellant.*

S. *Jahue Moore* and *Addison G. Wilson,* both of *Kirkland, Taylor, Wilson, Moore, Allen & Deneen, P.A.,* West Columbia, *for respondents.*

Submitted Nov. 27, 1990.

Decided Feb. 11, 1991.

*Per Curiam:*

The City of Columbia (City) appeals an Order enjoining it from enforcing an ordinance annexing, among other areas, real property in the Harbison Subdivision (Harbison), portions of which are contiguous to the Town of Irmo.

## FACTS

In 1989, City annexed a parcel of land, approximately five feet wide and one mile long, along the bank of the Broad River in Columbia. This annexation made portions of Harbison contiguous to City. Thereafter, City annexed certain real property in Harbison, legal title to which is held exclusively by the Harbison Group.

After City's annexation, Harbison residents, Richard Quinn and Clay Moss, along with the Town of Irmo (Respondents), instituted this declaratory judgment action for an injunction declaring the annexation ordinance void.

City moved to dismiss pursuant to S.C.R.C.P., Rule 12(b)(6), alleging Respondents lacked standing to challenge the annexation. Circuit Court denied the motion, and granted the injunction.

## ISSUE

The sole issue we need address is that of Respondents' standing.

## DISCUSSION

Circuit Court found (1) that the matter was of such public interest as to confer standing upon Respondents,[1] and (2) that standing was proper under § 15-53-30 (1976) of the Declaratory Judgments Act. We disagree.

---

[1] *See, e.g., Thompson v. S.C. Comm'n on Alcohol and Drug Abuse,* 267 S.C. 463, 229 S.E. (2d) 718 (1976).

City's annexation of this property was pursuant to subsection (3) of S.C. Code Ann. § 5-3-150, the "100% method," which provides, in part:

any area or property which is contiguous to a city or town may be annexed to the city or town by filing with the municipal governing body a petition signed by all persons owning real estate in the area requesting annexation. Upon the agreement of the governing body to accept the petition and annex the area, and the enactment of an ordinance declaring the area annexed . . . the annexation shall be complete and [an] . . . election . . . shall not be required.

Unlike subsection (1) of § 5-3-150, the "75% method," subsection (3) makes no provision for aggrieved *residents* to challenge an annexation.

It is undisputed that none of the Respondents own real property in the annexed portions of the Subdivision and, therefore, lack standing under § 5-3-150(3).

Similarly, we reject the contention that the matter is of such public importance as to confer standing. Generally, unless an annexation ordinance is "absolutely void," i.e., *not authorized by law*, private individuals may not challenge its validity. *See, Annot.* 13 A.L.R. (2d) 1279, 1292 (1950).

Here, although Respondents challenge the *method* of annexation in seeking to have it declared void, they raise no claim that it was unauthorized by law. Accordingly, we find that Respondents lack standing to challenge the ordinance.

Lastly, we find no standing under the Declaratory Judgments Act. S.C. Code Ann. § 15-53-30 provides, in part:

Any person interested under a deed, will, written contract or . . . whose rights, status or other legal relations are affected by a . . . municipal ordinance . . . may have determined any question of construction or validity arising under the . . . ordinance . . . and obtain a declaration of rights, status or other legal relations thereunder.

In declaratory judgment actions "[t]he interest of the parties . . . to the subject matter of the controversy must be more

than merely general. It must be a substantial, direct, and legally protected present interest in the relief sought." *See,* 22A Am. Jur. (2d) *Declaratory Judgments* § 35. Here, as Respondents own none of the property annexed, they have no legally protected present interest,[2] and, therefore, may not challenge City's annexation.

The judgment below is

Reversed.

TOAL, A.J., not participating.

---

[2] We reject the contention of Quinn and Moss and their equitable interests in annexed bicycle paths confer standing. At most, Quinn and Moss have easements and future interests. S.C. Code § 5-3-240, defining "freeholders" (as referred to in § 5-3-150(1)), expressly excludes easements, equitable interests and future interests, thereby implying that the legislature did not intend to confer standing upon these individuals.