23678

The STATE of South Carolina, by the STATE BUDGET AND CONTROL BOARD, Respondent v. The CITY OF COLUMBIA, South Carolina, Columbia Bible College, The Harbison Group, John H. Burris, C.T. Brook Limited Partnership, Homart Development Company, Churchville Associates, Joe Louis Gladney, South Carolina Baptist Hospital, Reliance Woodmont Limited Partnership, St. Andrews Development Company, and Mall Boulevard Corporation, Defendants, of whom The City of Columbia, South Carolina, Columbia Bible College, The Harbison Group, John H. Burris, C.T. Brook Limited Partnership, Mall Boulevard Corporation, and Reliance Woodmont Limited Partnership, are Appellants.

(419 S.E. (2d) 229)

Supreme Court

*Danny C. Crowe*, of *Turner, Padget, Graham & Laney, P.A.*, *Keith M. Babcock* of *Lewis, Babcock & Hawkins*, *Roy D. Bates* and *James S. Meggs*, *Office of City Atty.*, *William C. Boyd* and *Manton M. Grier, Sinkler & Boyd*, Columbia, *for appellants.*

*S. Jahue Moore*, West Columbia, *for respondent.*

Heard April 6, 1992.

Decided June 8, 1992.

HARWELL, Chief Justice:

This is a declaratory judgment action seeking a declaration as to the legality of certain annexations made by the City of Columbia (the City). We reverse in part and remand in part.

## I. FACTS

On December 6, 1989, the City purchased a strip of land approximately five feet wide and one-half mile long bordering the eastern shore of the Broad River just north of the point where the Broad River is traversed by Interstate Highway 20 (the five-foot strip). The City annexed this five-foot strip on December 20, 1989. Based on the strip's alleged contiguity to other lands abutting the western shore of the Broad River, the City informed respondent State Budget and Control Board that the property respondent owns in the area was eligible for annexation into Columbia, and encouraged respondent to petition for annexation.[1] As a result, respondent petitioned for annexation, and the City annexed respondent's property on December 27, 1989.

By February 1990 a controversy had arisen regarding the legality of the City's annexation of the five-foot strip as well as subsequent annexations utilizing the five-foot strip as a springboard into the Irmo/St. Andrews area. Respondent perceived that it had been induced to petition for annexation based on misrepresentations made by the City. Consequently, the City's mayor appeared before representatives of respondent and invited respondent to join other parties contesting the validity of the annexations. Respondent filed a notice of intention to contest annexation on February 23, 1990 and brought this action shortly thereafter.

Appellants City of Columbia, Columbia Bible College, The Harbison Group, John H. Burris, C.T. Brook Limited Partner-

[1] Respondent owns 2,829 acres on Broad River Road. The land lies north of Interstate I-20 and west of the Broad River, and is utilized by the Forestry Commission, Department of Youth Services, Department of Corrections, and the State Law Enforcement Division.

ship, Mall Boulevard Corporation, and Reliance Woodmont Limited Partnership moved for summary judgment pursuant to Rule 56, SCRCP on the grounds that respondent's notice of intention to contest the annexation was untimely. Appellants also asserted at the hearing that respondent lacked standing to pursue this matter. The trial judge denied appellants' motions for summary judgment. Appellants appeal the denial of summary judgment.

## II. DISCUSSION

Appellants assert that respondent lacks standing to contest the annexation of the five-foot strip. We agree.

Litigation concerning the legality of the City's annexations in the St. Andrews/Irmo area previously has been before this Court. *See Quinn v. City of Columbia*, 303 S.C. 405, 401 S.E. (2d) 165 (1991), *County of Lexington v. City of Columbia*, 303 S.C. 300, 400 S.E. (2d) 146 (1991). In these cases we held that the challenging party must assert an infringement of its own proprietary interests or statutory rights in order to establish standing under statutory provisions governing challenges to the one hundred percent landowner petition method of annexation. Here, respondent owns no property in the five-foot strip. Therefore, pursuant to our holdings in *Quinn* and *County of Lexington*, respondent has no standing to maintain this action as it regards contesting annexation of the five-foot strip.

However, as we construe respondent's notice of intention to contest annexation, respondent contests not only the validity of the annexation of the five-foot strip owned by the City, but "the annexation of certain State property on Broad River Road. . . ." In addition, respondent alleged in its complaint and at the summary judgment hearing that the City's misleading statements induced it to petition for annexation.

We find that respondent has standing to contest only the annexation of its own property as referenced in its notice of intention to contest annexation. Accordingly we reverse the trial judge's determination that respondent has standing to contest the five-foot strip and remand this case for further proceedings consistent with this opinion. We also grant leave for respondent to amend its complaint to make it more defi-

nite and certain as to the reasons it seeks to contest the annexation of its own property.

Because we reverse the trial judge's determination that respondent has standing to challenge the five-foot strip, we need not reach appellants' remaining allegation that respondent failed to comply with the time limitations of S.C. Code Ann. § 5-3-270 (1976).

Reversed in part, remanded in part.

CHANDLER, FINNEY and TOAL, JJ., and RANDALL T. BELL, Acting Associate Justice, concur.