2122

Sean T. POWER, Appellant v. ALLSTATE INSURANCE COMPANY, Respondent.

(440 S.E. (2d) 406)

Court of Appeals

*C. LaVaun Fox,* of *Fox & Verenes,* Aiken, and *William H. Burkhalter, Jr.,* North Augusta, *for appellant.*

*Timothy D. St. Clair,* of *Turner, Padget, Graham & Laney,* Columbia, *for respondent.*

Submitted Dec. 7, 1993.

Decided Jan. 24, 1994.

Reh. Den. Feb. 28, 1994.

GOOLSBY, Judge:

Sean T. Power appeals the trial court's refusal to reform his automobile insurance contract with Allstate Insurance Company and the subsequent grant of summary judgment to Allstate. We affirm.[1]

When he was seventeen years old, Power bought an automobile insurance policy from Allstate. Power rejected Allstate's offer of underinsured motorist coverage. Power suffered injuries in an automobile accident approximately three months after Allstate issued the policy. Power brought this declaratory judgment action seeking to repudiate his rejection of Allstate's offer and to have underinsured motorist coverage added to his policy.

---

[1] Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

Power and Allstate filed cross-motions for summary judgment. Allstate asserted it was entitled to summary judgment as a matter of law because Power could not disaffirm only a portion of the insurance contract that he entered into as a minor. Power's motion, on the other hand, does not state any specific grounds, but the trial court's order indicates Power claimed he should be able to rescind as an adult that portion of his agreement with Allstate in which he rejected underinsured motorist coverage. Denying his claim, the trial court ruled Power's minority at the time that he entered into the insurance contract allowed him to affirm or disaffirm the insurance contract as a whole, but does not allow him to rescind his rejection of the underinsured motorist coverage.

We agree this issue is controlled by *Dickert v. Aetna Life Ins. Co.*, 176 S.C. 476, 180 S.E. 462 (1935), wherein the court recognized that an infant party insured must either affirm or disaffirm his contract *in toto* and is not allowed to affirm beneficial terms of the policy and disaffirm the burdensome ones. *See also Arnold v. Life Ins. Co. of Georgia*, 226 S.C. 60, 71, 83 S.E. (2d) 553, 558 (1954) (wherein the court noted a minor "cannot split up an entire contract and ratify so much thereof as he considers to his advantage and avoid the balance"). Power cannot, therefore, claim he is entitled to rescind his rejection of underinsured coverage while seeking at the same time to ratify the remainder of the contract.

Power argues under *State Farm Mut. Automobile Ins. Co. v. Wannamaker*, 291 S.C. 518, 354 S.E. (2d) 555 (1987), because the offer must be intelligible, the rejection must be intelligent. He asserts, as a minor, he did not have the capacity to make an intelligent rejection. This point is not preserved because the trial court did not address it in its order and Power did not request the trial court to rule upon it in any motion made pursuant to Rule 59(e), SCRCP. *Capital View Fire Dist. v. County of Richland*, 297 S.C. 359, 377 S.E. (2d) 122 (Ct. App. 1989).

Affirmed.

HOWELL, C.J., and CURETON, J., concur.