564 S.E.2d 647

ST. ANDREWS PUBLIC SERVICE DISTRICT, Respondent,

v.

The CITY COUNCIL OF THE CITY
OF CHARLESTON, Petitioner.

No. 25466.

Supreme Court of South Carolina.

Heard March 19, 2002.
Decided May 20, 2002.

Gregg S. Myers, of Charleston, for respondent.

William B. Regan, Frances I. Cantwell, and Carl W. Stent, all of Regan, Cantwell & Stent, of Charleston, for petitioner.

Robert E. Lyon, Jr., and M. Clifton Scott, both of Columbia, for Amicus Curiae S.C. Association of Counties.

PLEICONES, Justice:

We granted certiorari to consider whether municipal annexations using roadways to achieve contiguity are "absolutely void as not authorized by law." The Court of Appeals held that they may be, and therefore respondent, an entity with no interest in the property annexed, had standing to challenge the annexations. *St. Andrews Public Serv. Dist. v. City Council of the City of Charleston,* 339 S.C. 320, 529 S.E.2d 64 (Ct.App.2000). We reverse, and in so doing, overrule our

decision in *Quinn v. City of Columbia,* 303 S.C. 405, 401 S.E.2d 165 (1991), to the extent it holds a non-statutory party [1] has standing to challenge a "void" annexation.

## FACTS

Petitioner (The City) purported to annex certain parcels and "all adjacent public rights-of-way." Respondent challenges the annexation of six parcels and the concurrent annexation of portions of two roadways. Without the annexation of the roadways, these six parcels would not be contiguous to the City's borders.

The circuit court dismissed the complaint, holding respondent lacked standing to contest the annexations. The Court of Appeals reversed and remanded the matter for further proceedings.

## ISSUE

Does a party who does not reside or own property in the annexed area, and whose proprietary interests or statutory rights are not infringed upon by the annexation, have standing to challenge a municipal annexation?

## ANALYSIS

■ Respondent is a special purpose district (SPD) whose territory includes the parcels at issue here. It is well settled that a municipality may annex territory within an SPD. *Tovey v. City of Charleston,* 237 S.C. 475, 117 S.E.2d 872 (1961).

■ The parcels were annexed using either the 75% method found in S.C.Code Ann. § 5–3–150(1) or the 100% petition method set forth in § 5–3–150(3) (Supp.2001). A municipality's annexation of contiguous property under the 75% method can be challenged by a municipality or a resident, or a person residing in or owning property in the area to be annexed. In order to challenge a 100% annexation, the challenger must assert an infringement of its own proprietary interests or statutory rights. *State by State Budget & Control Bd. v. City of Columbia,* 308 S.C. 487, 419 S.E.2d 229 (1992).

The Court of Appeals held that respondent lacked statutory standing to challenge the annexation of these parcels. We

---

1. That is, a party not authorized by the annexation statute to sue.

agree. Under the 75% method, the challenger must be a municipality or one of its residents, or reside or own property in the annexed area. An SPD is neither a municipality nor a property owner for purposes of this provision. *Tovey, supra; St. Andrews Public Serv. Dist. v. City of Charleston,* 294 S.C. 92, 362 S.E.2d 877 (1987). Further, the Court of Appeals held that respondent had "not alleged a sufficient infringement of its proprietary interests or statutory rights" to meet the statutory standing test for challenges to 100% annexations. We agree.

Despite the lack of statutory standing, the Court of Appeals found respondent had standing under our decision in *Quinn v. City of Columbia, supra.* In *Quinn,* we adopted a rule that permitted a "stranger" to the annexation to challenge that proceeding if the annexation ordinance was " 'absolutely void', i.e. *not authorized by law. . . . " Id.* at 407, 401 S.E.2d at 166–167. Nine years later, we held that "[T]he State, providing it is acting in the public interest, has standing to bring a quo warranto action challenging the annexation of property it does not own." *State ex rel. Condon v. City of Columbia,* 339 S.C. 8, 528 S.E.2d 408 (2000).

■■■ We now overrule *Quinn,* and hold that the only non-statutory party which may challenge a municipal annexation is the State, through a quo warranto action. In our view, the better policy is to limit "outsider" annexation challenges to those brought by the State "acting in the public interest." Therefore, we reverse the Court of Appeals' holding that respondent has standing to challenge these annexations.[2]

■■■ In deciding the standing issue, the Court of Appeals called into question the legality of these annexations. We

---

2. Respondent also relies on our decision in *Glaze v. Grooms,* 324 S.C. 249, 478 S.E.2d 841 (1996) to establish its standing. According to respondent, we held in *Glaze* that the City had standing to challenge an annexation by James Island because James Island purported to achieve contiguity by "crossing" property already annexed by the City. Here, respondent asserts, the City is achieving contiguity by crossing its SPD territory, and therefore it has *"Glaze"* standing. Respondent fundamentally misreads *Glaze.* In that case, the City had standing to challenge James Island's annexation not because James Island "crossed" the City's property, but because that municipality purported to annex property already within the City's borders. Respondent has no stand-

reiterate that the sole requirement for annexation is contiguity. *Bryant v. City of Charleston*, 295 S.C. 408, 368 S.E.2d 899 (1988). The wisdom of an annexation is a legislative, not judicial, determination. *E.g., Harrell v. City of Columbia*, 216 S.C. 346, 58 S.E.2d 91 (1950); *Pinckney v. City of Beaufort*, 296 S.C. 142, 370 S.E.2d 909 (Ct.App.1988).

We find contiguity here. The maps in the appendix indicate that City property and roadways abut the roadways that were annexed. At the time of this annexation,[3] S.C.Code Ann. § 5-3-110 (Supp.2001) permitted the annexation of such abutting roadways upon prior consent of the entity maintaining the roadway. There is no contention consent was lacking here. Accordingly, the record establishes that all the challenged properties touch—albeit via annexed roadways in some cases—property already within the limits of the City of Charleston. The fact that the City and the properties share a common boundary is sufficient to establish contiguity. *Bryant v. City of Charleston, supra.*

We find contiguity existed at the time of these annexations and that respondent lacks standing to maintain this action. Accordingly, the decision of the Court of Appeals is

REVERSED.

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.

---

ing under *Glaze*. *Cf. Tovey v. City of Charleston, supra* (municipality can annex SPD property).

**3.** S.C.Code Ann. § 5-3-305 (Supp.2001), which took effect approximately three and a half years after these annexations, defines contiguous property:

For purposes of this [municipal annexation] chapter, "contiguous" means property which is adjacent to a municipality and shares a continuous border. Contiguity is not established by a road, waterway, right-of-way, easement, railroad track, marshland, or utility line which connects one property to another; however, if the connecting road, waterway, easement, railroad track, marshland, or utility line intervenes between two properties, which but for the intervening connector would be adjacent and share a continuous border, the intervening connector does not destroy contiguity.

We express no opinion on the impact of this statute on annexations accomplished after May 1, 2000, the statute's effective date.