THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Beaufort County, South Carolina, and John H. Webber,       
Appellants,
 
 
 

v.

 
 
 
The Town of Port Royal, South Carolina, Rose Island Properties, Inc. 
 and George Stephanis,        Respondents.
 
 
 

Appeal From Beaufort County
A. Victor Rawl, Circuit Court Judge

Unpublished Opinion No. 2003-UP-703
Submitted September 17, 2003  Filed 
 December 3, 2003

AFFIRMED

 
 
 
Jack M. Scoville, Jr., of Georgetown, for Appellants.
David L. Tedder, of Beaufort, and William B. Regan and Francis 
 I. Cantwell, both of Charleston, for Respondents.
 
 
 

 PER CURIAM:  Beaufort County and John 
 H. Webber challenge the legality of the annexation of Rose Island Properties 
 into The Town of Port Royal.  They appeal the trial courts grant of summary 
 judgment.  We affirm. [1] 
FACTS AND PROCEDURAL HISTORY
The Town of Port Royal annexed Rose Island, previously 
 an unincorporated area in Beaufort County, pursuant to a petition signed by 
 the chairman and the managing member of Rose Island Properties, Inc., a planned 
 unit development.  Thereafter, Beaufort County and Webber, a taxpayer and resident 
 of Port Royal, filed this action against Port Royal, Rose Island Properties, 
 and George Stephanis, Rose Island Properties managing member. The county and 
 Webber contended the annexation ordinance was void because the island was not 
 contiguous with the town, the annexation petition was invalid, the annexation 
 was an arbitrary action, and the annexation failed to comply with the federal 
 Voting Rights Act.  The trial court granted the defendants motion for summary 
 judgment, finding the plaintiffs lacked standing to assert several of their 
 causes of action and ruling each of their challenges to the annexation was without 
 merit.  
LAW/ANALYSIS
The parties agree the annexation in question 
 was accomplished by petition from 100% of the freeholders of the area to be 
 annexed.  See S.C. Code Ann. 5-3-150(3) (Supp. 2002).  In order to challenge 
 a 100% annexation, the challenger must assert an infringement of its own proprietary 
 interests or statutory rights.  St. Andrews Pub. Serv. Dist. v. City Council 
 of Charleston, 349 S.C. 602, 604, 564 S.E.2d 647, 648 (2002).  The only 
 outsider that is entitled to challenge municipal annexations is the State 
 through a quo warranto action.  Id. at 605, 564 S.E.2d at 648.
Here, neither Beaufort County nor Webber 
 owns property in Rose Island and thus the annexation cannot infringe upon eithers 
 proprietary interest.  Further, Webber has failed to allege the annexation infringes 
 on his statutory rights.  Instead, he alleges he has taxpayer standing.  This 
 contention is contrary to the ruling in St. Andrews Public Service District.  
 As to Beaufort County, although it alleges the annexation deprives it of its 
 statutory authority to govern the annexed area and generate tax and franchise 
 revenue from it, it has failed to allege a sufficient infringement of any of 
 its own statutory rights to achieve standing to challenge a 100% annexation.  
 Beaufort County is a creature of statute and the rights it alleges each either 
 belong to the people of the county or are mere recitations of the countys authority 
 to operate a government to protect its citizens and their rights.
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.