**Lynne VICARY, Kent Prause, and South Carolina
Coastal Conservation League, Respondents,**

v.

**TOWN OF AWENDAW, and EBC, LLC, Defendants,**

**Of whom Town of Awendaw is the Appellant.**

Appellate Case No. 2014–002118
Opinion No. 5436

Court of Appeals of South Carolina.

Heard February 11, 2016
Filed August 3, 2016
Rehearing Denied September 23, 2016

632

Newman Jackson Smith, of Nelson Mullins Riley & Scarborough, LLP, of Charleston, for Appellant.

W. Jefferson Leath, Jr., of Leath Bouch & Seekings, LLP, of Charleston; and James B. Holman, IV and Christopher K. DeScherer, both of Southern Environmental Law Center, of Charleston; all for Respondents.

LOCKEMY, C.J.

The Town of Awendaw (the Town) appeals the circuit court's final order, arguing the court erred in finding (1) Lynne Vicary, Kent Prause, and the South Carolina Coastal Conservation League had standing; (2) the Town never received a proper petition requesting the 2004 annexation; (3) the Town falsely claimed it had a proper petition to annex the United States Forest Service (the Forest Service) property; (4) the Town was estopped from asserting a statute of limitations defense; and (5) the statutory time period for challenging the 2004 annexation was tolled. We reverse.

## FACTS/PROCEDURAL BACKGROUND

Beginning in 2004, the Town made a series of three land annexations, starting with the annexation of a strip of the Francis Marion National Forest (the National Forest) and culminating in October 2009 with the annexation of a 359.51–acre tract (the Nebo Tract). The Nebo Tract is encircled by the National Forest and is owned by EBC, LLC.

The Town attempted to create the required contiguity between its own border and the Nebo Tract by annexing the ten-foot wide and 1.25 mile long strip of the National Forest (the Ten–Foot Strip). The Ten–Foot Strip is contiguous with the Nebo Church Tract[1], which connects the Nebo Tract to the Ten–Foot Strip.

The Town annexed the three tracts (Nebo Tract, Nebo Church Tract, and Ten–Foot Strip) purportedly using the 100% petition method outlined in section 5–3–150(3) of the

1. The Nebo Church Tract is owned by Mount Nebo AME Church.

South Carolina Code (2004).[2] In early 2004, the Town requested the Forest Service enable the Town to annex the Ten–Foot Strip in order for the Town to also annex the Nebo Church Tract. Despite the Town's admission that the Forest Service did not provide them anything in writing expressing their desire that the Ten–Foot Strip be annexed, the Town used a 1994 letter it received from a Forest Service representative stating the agency had "no objection" to the annexation of several strips of property described therein. According to land surveyor Robert Frank, none of the strips described in the 1994 letter were the Ten–Foot Strip at issue in this case.

On May 10, 2004, the Town passed an ordinance stating a "proper petition h[ad] been filed" for annexation of the Ten–Foot Strip and accepting the petition. The Town also passed an ordinance that same day annexing the Nebo Church Tract.

In 2009, EBC requested the Town annex the Nebo Tract under the 100% petition method. On October 1, 2009, the Town passed an ordinance accepting the petition and annexing the Nebo Tract. The Town also enacted ordinances (1) rezoning the Nebo Tract as "planned development," (2) declaring its Comprehensive Plan amended to allow the Nebo Tract as planned development, and (3) approving a development agreement with EBC.

On April 23, 2010, Lynne Vicary, Kent Prause, and the South Carolina Coastal Conservation League (collectively, Respondents)[3] filed a second amended complaint against the Town and EBC. Respondents alleged that by unlawfully annexing the Nebo Tract and allowing for intensive residential and commercial development of the property, the Town has harmed and "will continue to harm one of the most important ecological areas on the Atlantic coast, including the [National Forest], a sensitive resource of national significance that is owned and managed for the benefit of the public." Respondents asserted the Town's 2004 annexation of the Ten–Foot

---

2. Pursuant to section 5-3-150(3), "any area or property which is contiguous to a municipality may be annexed to the municipality by filing with the municipal governing body a petition signed by all persons owning real estate in the area requesting annexation."

3. Vicary and Prause are residents of the Town. The League has members who are residents of the Town.

Strip was void because the Town never received a petition requesting annexation from the Forest Service, and therefore, the subsequent annexations of the Nebo Tract and the Nebo Church Tract failed because those tracts lacked contiguity with the Town. Respondents requested the court declare the Nebo Tract annexation ordinance void and issue a declaratory judgment "adjudicating the invalidity of the annexation and all accompanying ordinances regarding the Nebo Tract, including the ordinance approving the Development Agreement, the amendment of the Comprehensive Plan, and the purported rezoning, and a permanent injunction enjoining acts in furtherance of any of the illegally enacted ordinances and requiring that the Nebo Tract be returned to the *status quo* prior to the illegal annexation and rezoning . . . ."

On December 22, 2010, the Town and EBC filed a motion for partial summary judgment arguing Respondents lacked standing and their challenge was barred by the statute of limitations. The circuit court subsequently denied the motion. On September 6, 2012, Respondents and EBC entered into a settlement agreement wherein EBC dismissed its counterclaims against Respondents and Respondents dismissed their claims against EBC.

The case proceeded to trial on April 16, 2014. Following trial, the circuit court issued an order declaring (1) Respondents had standing; (2) the action was timely filed; and (3) the Town's annexation of the Ten–Foot Strip was void because the Town never received a petition of annexation from the Forest Service. The court declared "[b]ecause the annexation of the Ten–Foot Strip was *ultra vires* of the Town's authority, the Town's subsequent annexations of the Nebo Church Tract and the Nebo Tract fail because these tracts lack contiguity with the Town." The court further held

> because the Nebo Tract did not occur as a matter of law, it follows that the other ordinances enacted by the Town on October 1, 2009 to (1) approve a development agreement for the Nebo Tract, (2) amend the Town's Comprehensive Plan to include the agreed-upon development, and (3) rezone the Nebo Tract are each *ultra vires* and *void ab initio*.

Thereafter, the Town filed a Rule 59(e), SCRCP, motion to reconsider. The circuit court denied the Town's motion on September 22, 2014. The Town appealed.

## STANDARD OF REVIEW

"Declaratory judgments in and of themselves are neither legal nor equitable." *Campbell v. Marion Cty. Hosp. Dist.*, 354 S.C. 274, 279, 580 S.E.2d 163, 165 (Ct. App. 2003). "The standard of review for a declaratory judgment action is therefore determined by the nature of the underlying issue." *Id.*

The present case is an action in equity. *See Sloan v. Greenville Cty.*, 356 S.C. 531, 544, 590 S.E.2d 338, 345–46 (Ct. App. 2003) (finding a declaratory judgment action brought by a taxpayer citizen requesting declaratory relief is an action in equity). In an appeal from an action in equity tried by a judge, an appellate court may find facts in accordance with its own view of the preponderance of the evidence. *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775–76 (1976). "While this standard permits a broad scope of review, an appellate court will not disregard the findings of the [circuit] court, which saw and heard the witnesses and was in a better position to evaluate their credibility." *Buffington v. T.O.E. Enters.*, 383 S.C. 388, 391, 680 S.E.2d 289, 290 (2009).

## LAW/ANALYSIS

The Town argues the circuit court erred in finding Respondents had standing to challenge the 2004 annexation ordinance. We agree.

"To have standing, one must have a personal stake in the subject matter of the lawsuit." *Sloan v. Greenville Cty.*, 356 S.C. at 547, 590 S.E.2d at 347 (quoting *Sea Pines Ass'n for Prot. of Wildlife, Inc. v. S.C. Dep't of Nat. Res.*, 345 S.C. 594, 600, 550 S.E.2d 287, 291 (2001)). "Standing may be acquired: (1) by statute; (2) through the rubric of 'constitutional standing'; or (3) under the 'public importance' exception." *ATC S., Inc. v. Charleston Cty.*, 380 S.C. 191, 195, 669 S.E.2d 337, 339 (2008).

The circuit court determined Respondents had standing under the public importance exception and as taxpayers chal-

lenging government action under the South Carolina Uniform Declaratory Judgment Act[4]. On appeal, the Town argues Respondents did not have statutory standing. Citing to *St. Andrews Pub. Serv. Dist. v. City Council of City of Charleston*, 349 S.C. 602, 564 S.E.2d 647 (2002) and *Ex parte State ex rel. Wilson v. Town of Yemassee*, 391 S.C. 565, 707 S.E.2d 402 (2011), the Town asserts the only non-statutory party which may challenge a municipal annexation is the State of South Carolina acting in the public interest to challenge an absolutely void annexation ordinance. The Town further contends Respondents lacked constitutional standing and the public importance exception is not applicable.

On appeal, Respondents argue they had standing under the public importance exception and as taxpayers challenging government action under the Declaratory Judgment Act. *See* S.C. Code Ann. § 15–53–30 (2005) ("Any person ... whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."); *see also Sloan v. Greenville Cty.*, 356 S.C. at 551, 590 S.E.2d at 349 (holding taxpaying citizen of Greenville County had a direct interest in the County abiding by procurement procedures set out in the County code); *Sloan v. Sch. Dist. of Greenville Cty.*, 342 S.C. 515, 520, 537 S.E.2d 299, 301 (Ct. App. 2000) (finding taxpayer in *Greenville County* had standing to sue as an individual taxpayer who had interest in the proper use and allocation of tax receipts by the school district and holding "[a] taxpayer's standing to challenge unauthorized or illegal governmental acts has been repeatedly recognized in South Carolina" and taxpayers in the past have been held to "constitute a class specially damaged" by illegal, ultra vires acts). Respondents argue *St. Andrews* and *Yemassee* are distinguishable from the present case because they involved annexations municipalities attempted to carry out in good faith, not through deceitful conduct.

We agree with the Town that Respondents lacked standing. Our case law provides that "to challenge a 100% annexation,

---

4. S.C. Code Ann. §§ 15–53–10 to–140 (2005).

the challenger must assert an infringement of its own proprietary interests or statutory rights," and the State of South Carolina is the only non-statutory party which may challenge a municipal annexation. *See St. Andrews,* 349 S.C. at 604–05, 564 S.E.2d at 648.

In *St. Andrews,* the supreme court granted certiorari to consider whether municipal annexations using roadways to achieve contiguity are authorized by statute. 349 S.C. at 603, 564 S.E.2d at 647. In deciding this issue, the court articulated the general rule of standing for annexation challenges. *Id.* at 604, 564 S.E.2d at 648; *see also* S.C. Code Ann §§ 5–3–150(1), (3) (2004). The court explained the rules for standing vary depending on whether the method of annexation is carried out via the 75% or 100% method. *St. Andrews,* 349 S.C. at 604, 564 S.E.2d at 648. Under the 75% method, the challenger must be a municipality or one of its residents, or reside or own property in the annexed area; while under the 100% method, the challenger must assert an infringement of its own proprietary interests or statutory rights. *Id.* In addition, the supreme court held, "the only non-statutory party which may challenge a municipal annexation is the State, through a quo warranto action." *Id.* at 605, 564 S.E.2d at 648 (emphasis omitted). The court found "the better policy is to limit 'outsider' annexation challenges to those brought by the State 'acting in the public interest.'" *Id.*

In *Yemassee,* the supreme court applied the general standing rule for 100% annexations as articulated in *St. Andrews.* 391 S.C. at 572, 707 S.E.2d at 406. The *Yemassee* case involved tracts of land annexed via the 100% petition method in which the plaintiffs argued the municipality failed to comply with the signature requirements of the 100% method. 391 S.C. at 573, 707 S.E.2d at 406. Specifically, the plaintiffs asserted the annexation should have been treated as made by the 75% method, as opposed to the 100% method, since the annexed lands included state-owned marshlands in addition to privately-held properties. *Id.* In denying standing to the plaintiffs, the supreme court reaffirmed its ruling from *St. Andrews* that to challenge a 100% annexation, the challenger must assert an infringement of its own proprietary interests or statutory rights. *Id.* at 572–74, 707 S.E.2d at 406–07.

Here, Respondents have failed to show any infringement of their own proprietary interests or statutory rights. In addition, because none of Respondents are the State of South Carolina, they are prohibited from challenging the Town's annexations pursuant to *St. Andrews* and *Yemassee*. Respondents contend *St. Andrews* and *Yemassee* are distinguishable from the present case because those cases involved annexations carried out in good faith, not through deception. We disagree and note Respondents failed to cite any case law to support this argument. Additionally, although Respondents contend they met the standard for the public importance exception for standing, *St. Andrews* clearly provides the State, *acting in the public interest*, is the only non-statutory party which may challenge a municipal annexation.

**CONCLUSION**

We reverse the circuit court's determination that Respondents had standing. In light of our disposition of the case, it is not necessary to address the Town's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of prior issue is dispositive).

**REVERSED.**

WILLIAMS and MCDONALD, JJ., concur.